UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES, III,<br>Plaintiff,<br>v.<br>ALEXIS SALCEDA, et al.,<br>Defendants. | No. 2:25-cv-03064 SCR P<br><br>ORDER |

Plaintiff, who was formerly incarcerated in state prison, is proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is pending before the undersigned for screening under 28 U.S.C. § 1915A. ECF No. 1. Plaintiff has also filed a motion for leave to proceed in forma pauperis (ECF No. 2) and a motion to appoint counsel (ECF No. 3).

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. He has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff's motion to proceed in forma pauperis is granted. This means that Plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to

CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**PLAINTIFF'S COMPLAINT**

**I. Statutory Screening**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

## II. Factual Allegations of the Complaint

The incidents underlying the complaint occurred at Mule Creek State Prison ("MCSP"). ECF No. 1 at 1. The complaint names three defendants: (1) Alexis Salceda, a registered nurse ("RN") at MCSP; (2) Edith Arellano-Martinez, a licensed vocational nurse ("LVN") at MCSP; and (3) Bruce Mayberry, a correctional officer at MCSP. Id. at 2.

Plaintiff alleges that during medication pass at around 17:28 on May 21, 2025, he alerted Defendant Arellano-Martinez that he needed asthma-related emergency refills of his Levalbuterol Tartrate HFA Inhalation Aerosol Inhaler. ECF No. 1 at 4. Plaintiff told her that he first alerted medical and prison staff of his need the day before, but no one responded. Id. He identified the correctional officer escorting her, non-defendant Long Hang, as the person responsible for depriving him of the medication. Id. Shortly after this interaction, Long Hang accused Plaintiff of assaulting him and three correctional officers sprayed Plaintiff with Oleoresin Capsicum ("OC") spray from an MK-9 cannister. ECF No. 1 at 4.

While decontaminating in Cage #2, Plaintiff experienced a serious asthma related emergency. ECF No. 1 at 4. Plaintiff called "Medical Emergency, Man Down" and both he and another incarcerated individual, G. Azpera, requested suicide prevention "crisis beds" because MCSP officers were threatening their lives. Id. at 5. Defendant Mayberry told the responding nurses, Arellano-Martinez and Salceda, that Plaintiff and Azpera were "manipulating" them and not to comply or help. Id. Neither of the nurses intervened or reported Mayberry's behavior. Id.

Plaintiff alleges that the Defendants' failures to administer suicide prevention services and asthma rescue medication violated his Eighth Amendment rights to adequate medical care and safety. ECF No. 1 at 6. He further alleges that their actions constitute gender discrimination because they all knew that he and inmate Azpera are gay and treated them differently than inmates who are straight. Id. Plaintiff alleges that Defendants' actions caused him "rising stress" and "mental anguish," and seeks $350,000 in damages. Id. at 5-6.

////

////

////

**III. Legal Standards**

**A. Eighth Amendment Deliberate Indifference to Serious Medical Needs**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-32 (citing McGuckin, 974 F.2d at 1059-60).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106).

"[T]o show deliberate indifference, the plaintiff must show that the course of treatment the

doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, as for any § 1983 claim, there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

**B. Fourteenth Amendment Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008).

**IV. Discussion**

**A. Medical Indifference (All Defendants)**

The undersigned liberally construes the complaint as raising an Eighth Amendment medical indifference claim against Defendants Arellano-Martinez, Salceda, and Mayberry based on their respective failures to intervene in his asthma emergency and mental health crisis. See ECF No. 1 at 13 (grievance document alleging Arellano-Martinez's actions during this event violated the "Cruel and Unusual Clause of the Constitution").

As to the first element, Plaintiff's OC spray-induced asthma emergency presented a

"serious medical need." See Draper v. Harris, No. CIV S-02-0716 FCD GGH P, 2005 WL 3020052, at *6 (E.D. Cal. Nov. 9, 2005), report and recommendation adopted, No. CIV S-02-0716 FCD GGH, 2006 WL 452415 (E.D. Cal. Feb. 23, 2006), aff'd, 245 Fed. App'x 699 (9th Cir. 2007) (asthma attack was serious medical need). However, the complaint is ambiguous as to whether Plaintiff was having a bona fide mental health emergency or merely sought a crisis bed as protection from prison staff. See ECF No. 1 at 6 (identifying Mayberry's refusal to provide a crisis bed as a "failure to protect"). Plaintiff will be given leave to amend to the extent he intended to allege Defendants' deliberate indifference to his legitimate mental health needs.[1]

Regarding the second prong, the complaint does not contain adequate facts from which to infer that any Defendant's alleged failure to administer his rescue inhaler caused him harm. When an incarcerated individual alleges an Eighth Amendment violation based upon delays in receiving treatment, he must demonstrate that he suffered substantial harm because of the delay. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Moreover, the Prison Litigation Reform Act ("PLRA") prohibits the recovery of damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" Grenning v. Miller-Stout, 739 F.3d 1235, 1238 (9th Cir. 2014) (quoting 42 U.S.C. § 1997e(e)); see also Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002) (The PLRA "require[s] a showing of more than *de minimis* physical injury in order to recover compensatory damages for mental or emotional injury."). Here, the complaint alleges only generalized harms of "rising stress" and "mental anguish," ECF No. 1 at 6, and does not describe any specific physical harm that resulted from Defendants' failure to treat his asthma emergency.

Accordingly, Plaintiff's complaint fails to state an Eighth Amendment medical indifference claim against Defendants Arellano-Martinez, Salceda, or Mayberry. Plaintiff will be

---

[1] If Plaintiff intended to raise an Eighth Amendment failure to protect claim against Defendant Mayberry, he has not stated a cognizable claim. Plaintiff vaguely references threats by prison staff but must provide additional factual detail to show how these threats are objectively, "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see also Farmer, 511 U.S. at 835 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.").

permitted to amend his complaint to develop his allegations that Defendants were deliberately indifferent to his mental health and asthma emergencies. Plaintiff is directed to allege facts describing how their failures to intervene resulted in specific, physical harms.

**B. Equal Protection Clause**

The Equal Protection Clause protects the class of "homosexual persons or gays and lesbians" from discrimination. See Romer v. Evans, 517 U.S. 620, 631-36 (1996). In the context of prisons, a regulation, policy, or practice that discriminates against gays or lesbians will not survive unless it is "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, Plaintiff's allegations of sexual orientation discrimination, which consist of a single statement that Defendants "tend to not care for us [in] the same respectful way they do with inmate[s] who are straight," are too vague and conclusory to state a cognizable Equal Protection claim. Plaintiff will be allowed to amend his Equal Protection claim to allege specific facts showing that Defendants treated him differently from similarly situated incarcerated individuals who are not gay.

**V. Leave to Amend**

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that the complaint does not state a valid Eighth Amendment medical indifference claim or a valid Fourteenth Amendment Equal Protection Clause claim against Defendants Arellano-Martinez, Salceda, or Mayberry. Plaintiff left out critical details regarding his asthma emergency, including any injuries suffered from Defendants' alleged failure to provide rescue medication. Plaintiff's allegations of sexual orientation discrimination are similarly vague and fail to explain how Defendants treated Plaintiff differently from incarcerated individuals who are straight. Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, Plaintiff is encouraged to review the relevant legal standards governing his potential claims for relief that are provided above. Further, if plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he

complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI. Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards provided above. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed a request for appointment of counsel based on his indigency. ECF No. 3. District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional

circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Plaintiff's indigency is a circumstance common to most incarcerated individuals and does not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. See Wood, 900 F.2d at 1335; Gipbsin v. Kernan, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"). As Plaintiff does not cite any other basis for the appointment of counsel, his request is denied. The denial is without prejudice to renewal at a later point in the proceedings.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **No. 2:25-cv-03064-SCR,** and must be labeled "**First Amended Complaint.**"

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

7. Plaintiff's motion to appoint counsel is DENIED without prejudice.

DATED: September 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE